**STATE of Minnesota, Respondent,**

v.

**Eugene Mervin AANERUD, Appellant.**

**No. C8–85–217.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alfred P. Zdrazil, Bemidji City Atty., Bemidji, for respondent.

Bruce N. Ringstrom, Moorhead, for appellant.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and NIEREN-GARTEN, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a conviction of a petty misdemeanor for speeding. We affirm.

## FACTS

. Aanerud was traveling north on Bemidji Avenue when he was overtaken by two squad cars from the county sheriff's office, speeding with their emergency flashers on in response to an alarm. According to the police officer, Aanerud was clocked on radar at a speed of 45 m.p.h. in a 30 m.p.h. speed zone, approximately a block behind the squad cars. The officer was then a quarter-block from Aanerud's car, driving south. After the radar reading, the officer executed a U-turn and followed the Aanerud vehicle.

Aanerud, who appeared pro se at trial, cross-examined the officer. This cross-examination often consisted of Aanerud's own account of the facts.

Aanerud contended that he had come to a complete stop at a stop sign when the squad cars passed him. When the officer's car made a U-turn and began following him, he pulled over, assuming it was also on an emergency call. The officer's car did not turn its flashers on, and followed him for a mile and a half. The speed limit then was 35 m.p.h. The officer told him he had been clocked at 40 or 45 m.p.h. in a 30 mile speed zone, but did not show him the actual radar reading.

The court did not advise Aanerud that he had a right not to testify in the case. He was told only the following: "if you wish to give your testimony—want to testify in this case you can do so at this time."

### ISSUES

1. Was the evidence sufficient to support the conviction?

2. Did the court err in failing to advise a pro se defendant of his right not to testify?

### ANALYSIS

#### I.

Aanerud's contention that the evidence was insufficient to establish beyond a reasonable doubt that he was speeding is without merit.

The trial court noted the following in its memorandum:

There was reasonable doubt that defendant was going fifteen miles per hour over the speed limit but there can be no doubt that he exceeded the limit by some amount.

As this statement indicates, the State had only to prove that appellant was exceeding the speed limit, not that he was driving 45 m.p.h. The court could have found that there was a margin of error in the radar unit's readouts, which would have meant that Aanerud's car was travel-ing either somewhat less or somewhat more than 45 m.p.h. This would have been sufficient to raise the reasonable doubt stated by the court without the total discrediting of the reading urged by appellant.

#### II.

Appellant argues that the trial court erred by failing to advise him of his right not to testify before he took the stand. While such error has been recognized in other jurisdictions in criminal proceedings, Annotation, 79 ALR2d 643 (1961), a petty misdemeanor is not a criminal offense. Minn.R.Crim.P. 23.06.

The rules require that a petty misdemeanor defendant be warned of the right to remain silent, but only prior to a payment of the fine, which constitutes a guilty plea, and a wholesale waiver of rights. Minn.R.Crim.P. 23.03, subd. 3e. We do not infer from this limited requirement that a similar warning is required for a defendant who has demanded trial on a petty misdemeanor for the precise purpose of presenting his defense. Nor was there a violation of a constitutional right. *See* Minn. Const. Art. 1 § 7 (right against self-incrimination in a criminal case).

### DECISION

The evidence was sufficient to support the conviction. There was no error in failing to advise appellant of his right not to testify.

Affirmed.